IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

01 NOV -6 PM 4:16

TRANSPORT INSURANCE COMPANY,
individually and as assignee of Transport Managing General Agency

MLK

Plaintiff,

v.

No. CIV- 01   1269 JP

DANIEL NAVA, BLACK HEART TRANSPORTERS,
INC., RAMON MONTOYA, WILLIAM M. BYERS d/b/a
BUYERS INSURANCE GROUP, and
UNITED STATES LIABILITY INSURANCE COMPANY

LORENZO F. GARCIA

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR DAMAGES

Plaintiff, by and through its attorneys of record, Gallagher, Casados & Mann, P.C. (by Nathan H. Mann and Nancy Franchini), for its complaint against Defendants alleges as follows:

### I. Parties

1. Plaintiff Transport Insurance Company ("Transport" or "Plaintiff") is a foreign corporation that is incorporated in and whose principal place of business is in the State of Ohio.

2. Upon information and belief, Defendant Daniel Nava was at all relevant times a resident of the State of New Mexico and is currently a resident of the State of Texas.

3. Upon information and belief, Defendant Black Heart Transporters Inc. was at all relevant times incorporated in and whose principle place of business was in the State of Texas.

4. Upon information and belief, Defendant Ramon Montoya was at all relevant times a resident of Guadalupe County, New Mexico.

1

5.  Upon information and belief, Defendant William M. Byers ("Mr. Byers"), who does business as Buyers Insurance Group in El Paso Texas, is a licensed insurance agent in the State of Texas.

6.  Upon information and belief, Defendant United States Liability Insurance Company is a foreign corporation incorporated in and whose principle place of business is in Pennsylvania.

## II. Jurisdiction

7.  This Court has jurisdiction over this matter pursuant to 28 USCA 1332 as Transport is claiming damages in excess of $75,000 and Transport's citizenship is completely diverse from all Defendants.

## III. Facts

8.  In August, 1997, Transport Managing General Agency and Buyers Insurance Group entered into an Agency Agreement whereby Buyers Insurance Group was appointed as an agent for the solicitation and sale of insurance coverages underwritten by Transport subject to all of Transport's underwriting rules, rate guides, regulations, rates, commission schedules and procedures.

9.  Transport Insurance Company is an assignee of the Agency Agreement reached between Transport Managing General Agency and Buyers Insurance Group. Transport Managing General Agency, as well as Transport Insurance Company, are part of the Transport Insurance Group, a wholly owned subsidiary of Great American Insurance Company.

10.  Included in this Agency Agreement was an indemnification clause whereby Buyers Insurance Group would indemnify and hold Plaintiff harmless for and from all losses that Plaintiff sustained due to Buyers Insurance Group's negligence, any unauthorized representations, acts, errors or omissions or failure to comply with the provisions of the Agency Agreement.

11.     Under this Agency Agreement, Buyers Insurance Group was to maintain an errors and omissions insurance policy with minimum limits for liability of $300,000 per occurrence.

12.     Upon information and belief, United States Liability Company issued an errors and omissions policy number IAE1010252 to Buyers Insurance Group and or William M. Byers with effective dates of August 21, 1997 to August 21, 1998.

13.     On January 12, 1998, Defendant Daniel Nava went into Buyers Insurance Group in El Paso, Texas to obtain insurance for a 1988 Kenworth Tractor VIN # 2XKWDB9X0JM503479 (hereinafter "Kenworth Tractor").

14.     Upon information and belief, Mr. Nava was planning to use the Kenworth Tractor to haul vehicles from Nebraska to Texas, a trip he would make approximately every two weeks.

15.     On January 12, 1998 when Mr. Nava first visited the Buyers Insurance Group, he requested liability coverage of $750,000 combined single limit and told William M. Byers that he would be traveling throughout the 48 contiguous states.

16.     Mr. Byers told Mr. Nava on that date that he did not have any application forms in the office, and that Mr. Nava would have to return at a later date to fill out an application

17.     Nevertheless on that date, Mr. Nava gave Mr. Byers $1,912 and Mr. Byers provided Mr. Nava a Certificate of Liability Insurance listing Transport Insurance Company as the carrier as well as a receipt for the money paid by Mr. Nava.

18.     Transport was not notified of the Certificate of Liability Insurance or of the above-stated transaction between Nava and Byers on that date.

19.     On January 15, 1998, Mr. Nava was driving the Kenworth Tractor from El Paso, Texas to Omaha and Lincoln, Nebraska to pick up vehicles he was hauling for Black Heart

Transporters, when he was involved in an automobile accident wherein the Kenworth Tractor collided with Ramon Montoya's vehicle in Vaughan, New Mexico at the intersection of U.S. 54 and U.S. 285. The mileage between El Paso, Texas and Lincoln/Omaha Nebraska is over 500 miles.

20.   On January 16, 1998, Mr. Nava went to Buyers Insurance Group in El Paso, Texas to sign an application for insurance with Transport Insurance Company, however Mr. Byers still did not have any applications. Mr. Byers or one of his staff then downloaded from the Internet and printed an application for Mr. Nava to complete. Mr. Nava signed the application and backdated the application January 12, 1998. This application had a 500-mile radius limitation contained within it.

21.   Upon information and belief, Mr. Nava told Mr. Byers about the January 15, 1998 accident between January 16, 1998 and January 26, 1998 and at that time Mr. Byers said he would inform Transport about the accident after he received a copy of the police report.

22.   On January 16, 1998, William M. Byers sent that application to Texas General Management Agency, the agency through which all independent agents in Texas must write who are writing for Transport. Additionally Byers sent a check for the amount of $1,412 without any explanation that Mr. Nava had paid him $1912 on January 12, 1998.

23.   On or about February 18, 1998, Texas General Management Agency received the application in the mail with the check for $1,412 from Mr. Byers. Upon information and belief, when Mr. Byers sent the application and the check on January 16, 1998, he sent it to a wrong address. When these documents were returned to him, he mailed them to the correct address on or about February 9, 1998.

24.   On or about February 25, 1998, William M. Byers reported the January 15, 1998 loss to Transport.

4

25. On or about March 2, 1998, due to Mr. Byers' violations of Plaintiff's underwriting guidelines, Transport declined to issue the policy. These underwriting violations include, but are not limited to the following:

    a. Mr. Byers attempted to bind a policy in excess of his binding authority.

    b. The application in question was filled out and submitted after the accident of January 15, 1998 had already occurred.

    c. Mr. Byers did not submit the correct and complete gross down payment due to Plaintiff for the policy.

    d. Mr. Byers failed to obtain authority to bind coverage for the type of vehicle Mr. Nava wanted to insure.

    e. Mr. Byers did not notify Transport of the accident of January 16, 1998 until six weeks after it had occurred.

26. Additionally, Transport declined to issue the policy due to the unacceptable risk that Mr. Nava would regularly operate the Kenworth Tractor outside of a 500-mile radius from its principal place of garaging and he did not have a valid Texas driver's license.

27. Based on the January 15, 1998 automobile accident, Ramon Montoya filed a complaint for damages for personal injury against Daniel Nava, Black Heart Transporters and Buyers Insurance Group in the Fourth Judicial District Court in the State of New Mexico on September 28, 1999.

28. Black Heart Transporters has not made a claim with Plaintiff and upon information and belief, Black Heart Transporters has not been served in that litigation.

29. On March 2, 1998, Transport sent Daniel Nava a letter stating that it was handling this matter under a full Reservation of Rights as to coverage, however Transport has retained counsel to

defend Mr. Nava, pending resolution of this Declaratory Judgment Action.

## IV. Declaratory Judgment Action

28. Transport Insurance Company raises this action for declaratory judgment pursuant to the New Mexico Declaratory Judgment Act, NMSA 1978, Section 44-6-1 (1975).

29. There is an actual controversy between Transport Insurance Company, Daniel Nava, Black Heart Transporters and Ramon Montoya as to whether Transport Insurance Company has a duty to defend or indemnify Daniel Nava and Black Heart Transporters against the claims asserted by Ramon Montoya.

30. For the above stated reasons, Transport is entitled to a judgment declaring that it was not the insurer of either Daniel Nava or Black Heart at the time of the January 15, 1998 accident and therefore did not provide coverage for this accident, for Daniel Nava nor for Black Heart Transporters and owes them no duty of defense.

## V. Negligence

31. Mr. Byers owed a duty to Plaintiff to abide by and follow Plaintiff's underwriting guidelines and the Agency Agreement when selling Plaintiff's insurance.

32. Mr. Byers breached that duty by committing numerous violations of Plaintiff's underwriting guidelines and failing to follow the provisions of the Agency Agreement.

33. As a result of Mr. Byers' negligence, Plaintiff has incurred damages and is entitled to be compensated for these damages from William M. Byers and U.S. Liability Insurance Company.

## VI. Breach of Contract

34. The Agency Agreement entered into in August, 1997 between Plaintiff and Buyers Insurance Group created a contract between these parties.

35.     Mr. Byers breached that contract by violating numerous provisions contained in the Agency Agreement.

36.     As a result of Mr. Byers' breach, Plaintiff has incurred damages and is entitled to be compensated for these damages from William M. Byers and U.S. Liability Insurance Company.

### VII. Prayer for Relief

Plaintiff respectfully requests that this Court enter a Declaration, Judgment or Decree declaring that Plaintiff has no further duty to defend or duty to indemnify Daniel Nava or Black Heart Transporters against any judgment or award entered against Nava or Black Heart in the lawsuit brought by Ramon Montoya. Moreover, Plaintiff respectfully requests that this Court enter a Judgment for negligence and breach of contract and asks for compensatory damages and grant Plaintiff its costs of this action and any such other relief as the Court deems appropriate.

### VII. Jury Demand

Plaintiff hereby demands a twelve (12) person jury.

Respectfully submitted,

GALLAGHER, CASADOS & MANN, P.C.

NATHAN H. MANN
NANCY FRANCHINI
317 Commercial NE, Second Floor
Albuquerque NM 87102
(505) 243-7848